|     |     |
| --- | --- |
| 1   | THE HONORABLE JOHN C. COUGHENOUR |
| 2   |     |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In re EXPEDIA HOTEL TAXES AND FEES LITIGATION | NO. CV05-0365C |
| | **CLASS ACTION** |
| | (King County Master File No. 05-2-02060-1SEA) |
| ALL ACTIONS | MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL |
| | **NOTE ON MOTION CALENDAR:** **March 10, 2005** |
| | **ORAL ARGUMENT REQUESTED** |

MOTION FOR RECONSIDERATION OF KING COUNTY
SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S
MOTION FOR APPOINTMENT OF LEAD COUNSEL
(File No. CV05-0365C)

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

1 of 500

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 60(b)[1] and LR7(h), plaintiffs C. Michael Nielsen, Carolee Okland, Collins Thompson, Milonie Taylor, Bruce Deaton and Steve Polapink ("Moving Plaintiffs") respectfully request that this Court reconsider, dissolve or modify the order entered by the King County Superior Court (the "Superior Court") on March 1, 2005, appointing the law firm of Hagens Berman Sobol & Shapiro ("Hagens Berman") as lead counsel for the putative class in this consolidated class action (the "Lead Counsel Order"). On March 7, 2005, defendants Expedia, Inc. ("Expedia"), and its current parent, IAC Interactivecorp ("IAC"), removed the consolidated action to this Court. The removal occurred just days after the Superior Court consolidated related cases and entered the Lead Counsel Order,[2] and well before Moving Plaintiffs' time to move for reconsideration of the Lead Counsel Order had expired.

Moving Plaintiffs seek relief because Hagens Berman's concurrent representation of Microsoft Corporation ("Microsoft") – the company that formed Expedia, operated Expedia during part of the proposed class period, and still holds a significant stock interest in Expedia's owner, defendant IAC – prevents Hagens Berman from adequately leading the representation of a class of plaintiffs <u>suing</u> Expedia and IAC. Such conflicting representation is barred by Rule 1.7 of the Washington Rules of Professional Conduct. Moving Plaintiffs do not believe that the Superior Court fully, completely and properly considered this issue in appointing Hagens Berman as lead counsel, given that Hagens Berman's opening brief on its motion for lead counsel did not address the conflict issue. Instead, Hagens Berman saved its conflict response for its reply memorandum, and even then ignored Rule 1.7 and clouded the relevant issue for the Superior Court. Because Hagens Berman addressed the conflict issue in its reply memorandum,

---

[1] Under Rule 60(b), a motion for relief from an order may be made if the order contains a mistake or there is any other reason justifying relief. Fed. R. Civ. P. 60(b)(1), b(6) (reconsideration may be granted to correct a clear error, or as an equitable remedy to prevent manifest injustice).

[2] Plaintiffs intend to seek remand of this case to the Superior Court.

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)

- 1 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728


Moving Plaintiffs did not have an opportunity to respond and thereby provide the Superior Court with the relevant points and authorities to counter Hagens Berman's argument before the Order was entered. Moreover, during the prior briefing on Moving Plaintiffs' motion for lead counsel, Hagens Berman had not yet supplied the Superior Court with its position on the conflict issue raised by Moving Plaintiffs in their reply.

Moving Plaintiffs believe that this Court's consideration of Rule 1.7 and the entire factual context and record on this matter will demonstrate that the appointment of Hagens Berman as lead counsel will not best serve the interests of the putative class because that firm cannot fairly and adequately represent those interests given its ongoing representation of Microsoft. Moving Plaintiffs respectfully request, therefore, that this Court independently consider the issue of lead counsel and dissolve and/or modify the Lead Counsel Order. Moving Plaintiffs believe that their counsel, Hulett Harper Stewart, LLP, Milberg Weiss Bershad & Schulman, LLP, and Anderson & Karrenberg, will best serve the putative class if they are appointed as lead counsel.

This motion is supported by the following memorandum of law, as well as the Declaration of Lori G. Feldman ("Feldman Declaration"), the respective individual declarations of the Moving Plaintiffs, and the entire record on file herein, including Moving Plaintiffs' memoranda filed in the Superior Court describing their counsel's qualifications to serve as lead counsel. A proposed order has been lodged for the Court's consideration.

## II.   FACTUAL BACKGROUND

This putative class action involves claims that defendants have engaged in deceptive trade practices in violation of Washington's Consumer Protection Act in connection with defendants' charges of "taxes and fees" to consumers who purchase hotel rooms through Expedia's online travel services. Plaintiffs allege that defendants converted from plaintiffs and putative class members, and have deceptively charged them, a lump sum for "taxes" that defendants did not incur, and for "fees" for which defendants performed no specific services, all

MOTION FOR RECONSIDERATION OF KING
COUNTY SUPERIOR COURT ORDER GRANTING
PLAINTIFF ALBA'S MOTION FOR APPOINTMENT
OF LEAD COUNSEL  (File No. CV05-0365C)

- 2 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

3 of 500

1  in the guise of reimbursing defendants for legitimate occupancy taxes and fees.

2  Three separate state court actions were filed against defendants in the Superior Court. On January 10, 2005, plaintiffs C. Michael Nielsen, Carolee Okland, Collins Thompson, and Milonie Taylor filed an action against defendants, and plaintiffs Bruce Deaton and Steve Polapink also filed a similar action against defendants. Thereafter, on February 3, 2005, plaintiff Jose Alba ("Alba") filed an action against defendants.

On February 10, 2005, Moving Plaintiffs filed a motion to consolidate and to appoint their attorneys as lead counsel. Neither Alba nor defendants opposed consolidation. Alba opposed appointment of the Moving Plaintiffs' attorneys as lead counsel, and defendants expressed neutrality in that regard. The memoranda and related papers in connection with Moving Plaintiffs' motion are attached as Exhibit 1. *See* bottom left consecutively numbered e-filing pagination at 20-296 (hereinafter cited as "CNP at ___").

In its papers, Hagens Berman prominently touted its ongoing representation of Microsoft. CNP at 157-158, 175. In reply, Moving Plaintiffs raised a question as to a potential conflict of interest on the part of Hagens Berman due to that representation, based on the fact that defendant Expedia began as an internal business unit of Microsoft, which gave birth to Expedia's initial policies and practices. CNP at 240-246. Although Microsoft spun off Expedia through an Initial Public Offering in 1999, Microsoft nevertheless continued to maintain very tight, day-to-day operational control and 80% ownership of Expedia. Importantly, Microsoft's role pursuant to a formal Services Agreement, may have extended well into the proposed class period (which began in January 2001). CNP at 273-288. As such, Microsoft and its employees were assisting in the operation of Expedia during Expedia's alleged violation of the Washington Consumer Protection Act and conversion of money from plaintiffs and class members through the guise of reimbursing taxes and fees.

On February 17, 2005, before the Superior Court had ruled on Moving Plaintiffs' pending

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)

- 3 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

4 of 500

1 motion for appointment of lead counsel, Alba filed his own motion to appoint Hagens Berman as lead counsel. In his opening brief, Alba completely ignored the potential conflict of loyalties already raised in Moving Plaintiffs' pending lead counsel motion. The memoranda and related papers in connection with Alba's lead counsel motion are attached as Exhibit 2. CNP at 297-470.

In opposing Alba's motion, Moving Plaintiffs raised the question of potentially conflicting loyalties as a result of Hagens Berman's continuing representation of Microsoft given that it is not in the best interests of the putative class to be burdened with such an issue when there is a clear need to conduct discovery of Microsoft in this action. CNP at 382-391.

In his reply memorandum, filed on Friday, February 25, 2005, Alba addressed the conflict issue for the first time during the briefing, characterizing it as an "ethical attack [with] no basis in law or fact." The reply, however, ignored the important points raised by Moving Plaintiffs, including the issue of Microsoft's substantial operational control of Expedia extending into the proposed class period. CNP at 394-400. Rather, Alba improperly characterized the issue as whether or not Hagens Berman had ever represented Expedia.

On Monday, February 28, 2005, the Superior Court signed Alba's proposed order, without any indication of its consideration of the issue of a potential conflict on the part of Alba's counsel. The Lead Counsel Order, entered March 1, 2005, is attached as Exhibit 3. CNP at 471-474.

Microsoft founded Expedia and began operating it as a division of Microsoft in October 1996. In August 1999, Expedia was incorporated but remained a wholly-owned subsidiary of Microsoft until its IPO in November 1999. Even after the IPO, Microsoft owned approximately 80% of the outstanding shares of Expedia. Just prior to Expedia's IPO, Microsoft executed a Services Agreement with Expedia, effective October 1, 1999. CNP at 273-288. Under the Services Agreement, Microsoft "loaned" to Expedia those Microsoft employees who had been

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)

- 4 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

5 of 500

rendering virtually full-time services for the Expedia business unit of Microsoft. Those employees were to "continue to render substantially full-time services for Expedia in their current capacities ...." CNP at 273.

Under that Agreement, Microsoft also provided Expedia with a broad range of key operational services through a number of service "blocks" within Microsoft, including Tax Services, Real Estate & Facilities Services; Corporate Accounting Services; Legal Services; Treasury Services; Human Resource Services; Information Technology Support Services; MSN Services; Services from Microsoft Studios; Travel Services; and Localization Services. The term extended through December 31, 2000, and provided Expedia with an option to extend the Agreement for another year. There were, upon information and belief, several additional agreements (and extensions to those agreements in and beyond 2001) between Microsoft and Expedia which will be the subject of discovery in this case.

Meanwhile, the Honorable Thomas Penfield Jackson issued his findings of fact in the antitrust case of *United States v. Microsoft Corporation.* CNP at 255-271. Immediately thereafter, many consumer class action lawsuits were filed against Microsoft around the country. In or before December 1999, Microsoft hired Hagens Berman to defend those class actions against Microsoft. Hagens Berman's resume now prominently touts its representation of Microsoft. CNP at 255-271. Additionally, Hagens Berman's resume lists Richard Wallis of Microsoft as one of its three references. CNP 255-271. Hagens Berman continues to represent Microsoft and has represented Microsoft throughout the entire proposed class period in this case against Expedia, as well as throughout the term of the Services Agreement and other similar agreements between Microsoft and Expedia.

In February 2002, Expedia closed a merger with USA Interactive, defendant IAC's predecessor, pursuant to which Microsoft received equity in USA Interactive, and, as a result, currently owns 51,733,277 shares (7.5%) of USA Interactive's successor, defendant IAC. CNP

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)   - 5 -   Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

6 of 500

at 292-296.

## III. ARGUMENT

**A. The Court Should Reconsider, Dissolve Or Modify The Order Appointing Hagens Berman As Lead Counsel.**

Moving Plaintiffs believe that Hagens Berman's qualifications in this particular class action – based on that firm's concurrent representation of Microsoft which will be the subject of important third party discovery – do not meet the "heightened standard" required of attorneys to serve as class counsel in a class action. As discussed below, Hagens Berman's concurrent representation of Microsoft creates a disqualifying conflict of interest under Rule 1.7 of the Washington Rules of Professional Conduct, which requires written consent from all clients to waive the conflict. Unidentified class members, however, cannot waive a potential conflict of interest. *Palumbo v. Tele-Communications, Inc.*, 157 F.R.D. 129, 133 (D.D.C. 1994). Moving Plaintiffs do <u>not</u> consent to Hagens Berman as lead counsel, nor will they agree to a conflict waiver.

"An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. Pro. 23(g)(1)(B). In addition to considering the factors set forth in Rule 23(g)(1)(C) in appointing class counsel,[3] the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. Pro. 23(g)(1)(C)(ii). "[T]he Court has an obligation to closely scrutinize the qualifications of counsel to assure that all interests, including those of as yet unnamed plaintiffs are adequately represented," and as such, a potential conflict of interest on the part of class counsel is, indeed, a pertinent matter for consideration. *Palumbo*, 157 F.R.D. at 133; *see Davis v. Comed, Inc.*, 619 F.2d 588, 593-94 (6th Cir. 1980) (in evaluating adequacy of representation, courts determine

---

[3] The factors include the work counsel has done in identifying or investigating potential claims in the action; counsel's experience; counsel's knowledge of applicable law; and the resources counsel will commit to representing the class.

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)

- 6 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

whether class counsel have conflicts of interest that will adversely affect the interests of the class).

Indeed, because a class action determines the rights of absent class members, "attorneys in class actions are held to higher standards of competence and diligence than counsel in other lawsuits." *Miller v. United States*, 24 F.E.P. Cases 696 (D.D.C. 1980); *Huston v. Imperial Credit Comm. Mortgage Inv. Corp.*, 179 F. Supp. 2d 1157, 1167 (C.D. Cal. 2001) ("[I]n a class action context, disqualification is more likely because putative class counsel are subject to a 'heightened standard' which they must meet if they are to be allowed by the Court to represent absent class members."); *Cal-Pak Delivery v. United Parcel Service*, 60 Cal. Rptr. 2d 207, 213 (Ct. App. 1997) (quoting *Palumbo*, 157 F.R.D. at 132-33); *State ex rel. Union Planters Bank v. Kendrick*, 142 S.W.3d 729, 740 (Mo. 2004) ("The court has an enhanced duty in class action proceedings to safeguard the interests of the class members who did not participate in the formation of the class.").

Hagens Berman's representation of Microsoft creates too many conflicts for Hagens Berman to adequately represent the class. First, Microsoft's role as a potential *defendant* poses an intractable conflict for Hagens Berman. Hagens Berman knows that if a claim against Microsoft is brought, Hagens Berman will have to withdraw. Thus, Hagens Berman will have a direct financial incentive to steer the class away from any claims against Microsoft. Second, Microsoft's role as a third party witness to and participant in the circumstances alleged in the class claims would ordinarily require significant discovery of Microsoft. Hagens Berman's role, however, as Microsoft's current counsel would prevent Hagens Berman from zealously conducting such discovery. Third, Microsoft owns 7.5% of defendant IAC's stock and has an indemnity obligation, so any significant claim against defendants, such as this multi-million dollar class action, is inherently contrary to Microsoft's financial interests.

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)

- 7 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

8 of 500

## A. Microsoft's Role as a Potential Defendant.

Microsoft formed Expedia, furnishing significant managerial, technical, and advisory services to Expedia when the policies on which the class claims are based. Microsoft continued to furnish such services to Expedia during the putative class period, while owning 80% of Expedia's stock, and thus had significant control over Expedia.

Any counsel representing the class, therefore, would have a duty to the class to fully explore possible claims against Microsoft or its employees. For example, claims may be brought against Microsoft or its employees for conversion, for aiding and abetting Expedia's deceptive trade practices, or for other reasons. Because of its representation of Microsoft, however, Hagens Berman simply *cannot* fully explore the possibility of bringing such claims. Its duty of loyalty to Microsoft would prevent Hagens Berman from zealously investigating and developing claims and theories against Microsoft, and its own financial interests would prevent Hagens Berman from pursuing such claims because it knows that if Microsoft becomes a defendant, Hagens Berman would have to withdraw as counsel for the class, thus costing the firm the fees that such representation would generate.

The Washington Rules of Professional Conduct provide useful guidelines in determining whether Hagens Berman could adequately represent a class with potential claims against Microsoft. Rule 1.7 clearly forbids such representation, prohibiting representations "directly adverse" to another client, unless the lawyer "reasonably believes" that the representation will not adversely affect the relationship with the other client, and both clients consent *"in writing after consultation and full disclosure of the material facts."* Wash. R. Prof. Cond. 1.7(a) (emphasis added). Rule 1.7(b) prohibits representation of a client that "may be materially limited by the lawyer's responsibilities to another client or to a third person, *or by the lawyer's own interest*," again unless the client involved in the representation consents in writing after consultation and full disclosure. Wash. R. Prof. Cond. 1.7(b) (emphasis added). Both prongs of

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)

- 8 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

1  Rule 1.7 apply here:  In investigating possible claims against Microsoft, Hagens Berman would
2  necessarily be acting adversely to Microsoft.  And as mentioned above, Hagens Berman's own
3  financial interest in avoiding a direct conflict with Microsoft would certainly "materially limit"
4  Hagens Berman's ability to adequately represent a class with such potential claims.

5  Indeed, Hagens Berman's conduct in this regard has already demonstrated the potential
6  conflict between Hagens Berman's own interests and its duties to the class.  In the reply
7  memorandum it filed in the Superior Court, Hagens Berman surprisingly declared that
8  Microsoft's involvement with Expedia is merely "background information (if it is relevant at
9  all)" because Microsoft incorporated Expedia in 1999. Feldman Decl., Ex. 2 at Alba Reply Brief
10 at 5.  Would counsel loyal *to the class* really want to make such a bold declaration at the outset
11 of litigation, when discovery has not yet commenced?  And in arriving at that conclusion, whose
12 interests was Hagens Berman pursuing -- the interests of the class, or its own interest in
13 obtaining lead counsel status?  The bottom line is that while the class may or may not have
14 claims against Microsoft, one thing is certain:  If Hagens Berman serves as class counsel, no
15 such claims can be objectively *considered*.

16 Apparently, Hagens Berman intends to ignore such issues as Microsoft's establishment,
17 ownership and control of Expedia, and Microsoft's assistance to Expedia during the class period.
18 In an analogous situation, the District of Oregon ruled that shareholders in a derivative action
19 were not fairly and adequately represented when an attorney named all of the directors but one,
20 whom the attorney had previously represented, instructing as follows:

> It is my responsibility to assure adequate, vigorous, and consistently focused representation and advocacy on behalf of both named and unnamed plaintiffs, stockholders and perhaps ultimately other potential class members.  ***To do so requires ... counsel free to be dedicated advocates without compromising what would be their normal tactics because of an impending conflict***.  If the conflict is avoided by not including an appropriate defendant, then the conflict exists the other way by not being the complete advocate.

25 *Guenther v. Pacific Telecom*, 123 F.R.D. 341, 348 (D. Or. 1987) ("[U]nless there has been fair

MOTION FOR RECONSIDERATION OF KING
COUNTY SUPERIOR COURT ORDER GRANTING           - 9 -
PLAINTIFF ALBA'S MOTION FOR APPOINTMENT
OF LEAD COUNSEL (File No. CV05-0365C)

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

10 of 500

1  and adequate representation, the due process due absent members will not be satisfied.")
2  (emphasis added).

3  Under Rule 1.7(a) or (b), Hagens Berman could not continue with the representation in the face of these obvious conflicts unless Hagens Berman (1) reasonably concluded that the conflicts would not adversely affect the representation, and (2) Hagens Berman obtained **written consent** of the clients, after "full disclosure of the material facts." As noted above, however, even if Hagens Berman could "reasonably" conclude that it could investigate and pursue claims against Microsoft while representing Microsoft, unidentified class members simply *cannot* consent to a conflict, let alone consent in writing.[4] Moreover, the Nielsen plaintiffs expressly do not consent to waive any potential conflict. *See* Declarations of Bruce Deaton, Milonie Taylor, Collins Thompson, Carolee Okland and C. Michael Nielsen filed separately herewith. CNP at 482-496. Thus, Hagens Berman's representation of Microsoft is barred under Rule 1.7, and as such Hagens Berman cannot adequately represent the class.

**B.   Microsoft's Role as a Witness.**

Further, any counsel adequately representing the class would have to conduct extensive discovery of Microsoft relating to the involvement of Microsoft and its employees in the formation and execution of the deceptive billing policies that are the subject of this action. Hagens Berman insists that it could do such discovery, but once again, the Rules of Professional Conduct say otherwise. In fact, this very issue has been the subject of a formal ABA ethics opinion, and the ABA Committee on Ethics and Professional Responsibility fully supports the

---

[4]  In this case, if Hagens Berman were attempting to represent only an individual plaintiff, the firm could conceivably seek a written waiver of conflict from that client. Obtaining 8.5 million written waivers, however, is simply not possible. Because unidentified class members will become litigants in an attorney-client relationship between themselves and class counsel, courts have an obligation to protect such class members, which is precisely why counsel's qualifications in the class action context are subject to a "heightened standard." *See Palumbo v. Tele-Communications, Inc.*, 157 F.R.D. at 133 and cases cited therein ("Unidentified class members cannot waive a potential conflict of interest."); *Chateau de Ville Productions, Inc. v. Tams-Witmark*, 474 F. Supp. 223, 227 (S.D.N.Y. 1979) (when a conflict of interest arises involving class counsel, consent of all members of the class is required, which is not a practical possibility).

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)

- 10 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

11 of 500

concern expressed by Moving Plaintiffs. *See* "Lawyer Examining a Client as an Adverse Witness, or Conducting Third Party Discovery of the Client," ABA Formal Op. 92-367. CNP at 475-481. In that opinion, the ABA Committee expressed clear disapproval of a lawyer examining another client as an adverse witness or conducting third party discovery of the client in a matter unrelated to that lawyer's representation of the other client, indicating that such a lawyer will likely face a conflict that is disqualifying in the absence of appropriate client consent. The Committee expressed its belief that such a situation "is likely (1) to pit the duty of loyalty to each client against the duty of loyalty to the other; [and] (2) to risk breaching the duty of confidentiality to the client-witness," both of which is "likely to present a direct adverseness of interest falling under Rule 1.7(a)" of the Model Rules of Professional Conduct.[5] CNP at 476-477.

The Committee also determined that a lawyer who examines another client as an adverse witness or conducts discovery of the other client will likely face a disqualifying conflict under Rule 1.7(b). Such examination or discovery is likely not only to pit the duty of loyalty to one client against the duty of loyalty to the other, and to risk breaching the duty of confidentiality to the client-witness, but also "to present a tension between the lawyer's own pecuniary interest in continued employment by the client-witness and the lawyer's ability to effectively represent the litigation client." CNP at 476. "[A]ll three may constitute material limitations on the lawyer's representation, so as to come under Rule 1.7(b)." CNP at 477.

"Underlying the ethical prohibition [in Rule 1.7] is the precept that the lawyer's duty of loyalty demands that a client not be concerned with whether the lawyer may subconsciously be influenced by the differing interests of another." CNP at 477. There could be millions of class members in this action who would be concerned about the relationship of their lawyers with

---

[5] Washington's Rule 1.7(a) tracks the Model Rules, except that Washington's version is more stringent, requiring the clients' consents to be in writing after not only consultation but "a full disclosure of the material facts (following authorization from the other client to make such a disclosure)."

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)

- 11 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

Microsoft in the examination and conduct of discovery of Microsoft. Moving Plaintiffs absolutely share such a concern. *See* Declarations of C. Michael Nielsen, Carolee Okland, Milonie Taylor, Collins Thompson, Bruce Deaton, separately submitted herewith.

### C. Microsoft's Roles as Stockholder and Indemnitor.

The claims in this class action are highly significant, and any significant claim against Expedia would necessarily be adverse to the financial interests of Microsoft, both because Microsoft owns over 51 million shares of defendant IAC, Expedia's parent, and because the Services Agreement requires Microsoft to indemnify Expedia for certain claims. CNP at 276.[6]

In the Superior Court proceedings, Hagens Berman argues that one client's equity interest in a defendant does not necessarily disqualify an attorney from bringing an unrelated claim against that defendant, but that argument misses the point. The ultimate issue here is not merely whether Hagens Berman could get away with certain representation under the rules; the issue is the integrity of the class action process, and whether absent class members will be assured that their interests are being properly advanced by counsel with undivided loyalties.

Hagens Berman clearly considers Microsoft to be a very significant client. Class members conceivably, and understandably, might believe that Hagens Berman would be loathe to do anything in its representation of the class that would harm Microsoft or cause Microsoft to pull its business.

---

[6] In fact, a direct conflict on the part of Hagens Berman could arise where, for example, a class settlement could require Expedia to pay less, with an understanding that it would not assert any indemnification claim against Microsoft.

MOTION FOR RECONSIDERATION OF KING
COUNTY SUPERIOR COURT ORDER GRANTING
PLAINTIFF ALBA'S MOTION FOR APPOINTMENT
OF LEAD COUNSEL (File No. CV05-0365C)

- 12 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

Dated: March ____, 2005

**MILBERG WEISS BERSHAD & SCHULMAN LLP**

/S/ Lori G. Feldman
Lori G. Feldman, WSBA #29096
Douglas C. McDermott, WSBA #31500
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730
Facsimile: (206) 839-0728
email: feldman@milbergweiss.com
       dmcdermott@milbergweiss.com

**MILBERG WEISS BERSHAD & SCHULMAN LLP**
Sanford P. Dumain
Michael R. Reese
One Pennsylvania Plaza
New York, NY 10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**HULETT HARPER STEWART LLP**
Kirk B. Hulett
Blake M. Harper
Bridge Fogarty Gramme
Jennifer Kagan
550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

**ANDERSON & KARRENBERG**
Thomas R. Karrenberg
Jon V. Harper
700 Bank One Tower
50 West Broadway
Salt Lake City, Utah 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697

Attorneys for plaintiffs C. Michael Nielsen, Carolee Okland, Collins Thompson, Milonie Taylor, Bruce Deaton and Steven Polapink

MOTION FOR RECONSIDERATION OF KING COUNTY SUPERIOR COURT ORDER GRANTING PLAINTIFF ALBA'S MOTION FOR APPOINTMENT OF LEAD COUNSEL (File No. CV05-0365C)

- 13 -

Milberg Weiss Bershad & Schulman LLP
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: (206) 839-0730 • Fax: (206) 839-0728

14 of 500